UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**MICHAEL A AMEN** and<br>**CHERYLL K AMEN**,<br><br>Debtors. | Case No. **12-61225-7** |
| **JOSEPH V. WOMACK**,<br><br>Plaintiff.<br><br>-vs-<br><br>**BAR NOTHING RANCH PARTNERSHIP** and **JOHN DOES 1-10**,<br><br>Defendants. | Adv No. **13-00034** |

# MEMORANDUM of DECISION

At Butte in said District this 7th day of May, 2014.

In this Adversary Proceeding, the Plaintiff Joseph V. Womack ("Womack"), as Chapter 7 Trustee of the Estate of Michael A. Amen and Cheryll K. Amen, filed on January 23, 2014, a Motion for Partial Judgment on the Pleadings requesting pursuant to Rule 12(c), FED.R.CIV.P., and Rule 7012(b), F.R.B.P., an order declaring that the trust indenture claimed by Bar Nothing Ranch Partnership ("Bar Nothing") is invalid and unenforceable, and that Womack is entitled to judgment on Counts I and II of his First Amended Complaint. Bar Nothing opposes Womack's

1

request for partial judgment on the pleadings.

## JURISDICTION

Womack avers in his First Amended Complaint, filed December 13, 2013, that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 1367; that this action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A), (B), (C), (H), (K) and (O); and that venue is proper pursuant to 28 U.S.C. §1409. Bar Nothing agrees that venue is proper, but denies that this Court has jurisdiction or that the matter is a core proceeding.

## FACTUAL BACKGROUND

Debtors Michael and Cheryll Amen filed a voluntary Chapter 13 bankruptcy petition on July 27, 2012. Debtors' case was converted to Chapter 7 of the Bankruptcy Code on October 5, 2012, and Womack was appointed Chapter 7 Trustee on that same date. In their schedules, Debtors disclosed that Debtor Michael Amen ("Michael") was a 50% owner in Lowe/Amen, LLC.

Lowe/Amen, LLC is a Montana limited liability company and its sole asset, on the date Debtors filed their bankruptcy petition, was certain real property located in Yellowstone County, Montana, legally described as follows:

> Parcel A:
>
> That part of the NE ¼ SE ¼ of Section 17, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 1-A, of Amended Plat of Tract 1 of Certificate of Survey No. 2042 on file in the office of the Clerk and Recorder of said County, under Document # 1381180.
>
> Parcel B:
>
> Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana.
>
> Section 17: NW ¼ SE ¼.

Parcel A consists of approximately 24 acres and Parcel B consists of approximately 40 acres.  Prior to April of 2010, the only lien on Lowe/Amen, LLC's property that was authorized by Lowe/Amen, LLC was a mortgage in favor of First Interstate Bank dated October 17, 2003, as modified on February 4, 2004, July 30, 2004, August 20, 2004, and May 3, 2006.

Prior to 2014, Lowe Property Holdings, LLC and Michael were the sole members of Lowe/Amen, LLC.  Lowe Property Holdings, LLC previously asserted it owned a majority interest in Lowe/Amen, LLC and that it had contributed a majority of the capital to Lowe/Amen, LLC.  Lowe Property Holdings, LLC further asserted that Michael's interest in Lowe/Amen, LLC was not 50%, as claimed in Debtors' schedules, but rather, was something less than 20% because of deficiencies in Michael's capital account and other breaches of the Lowe/Amen, LLC Operating Agreement dated April 27, 2006.

For instance, pursuant to Section 5.1 of the Lowe/Amen, LLC Operating Agreement, certain major business decisions, such as pledging, mortgaging, or otherwise encumbering Lowe/Amen, LLC's assets, required the affirmative vote of it members contributing fifty-one percent or more of the capital of Lowe/Amen, LLC.  The Operating Agreement also precluded members from assigning their interest in Lowe/Amen, LLC without the written consent of the other member.

Notwithstanding the foregoing, and without the knowledge, consent or authorization of Lowe/Amen, LLC or Lowe Property Holdings, LLC, and to secure a Promissory Note between Michael and Bar Nothing dated April 6, 2010,[1] Michael executed on April 23, 2010, for the benefit

---

[1] The Promissory Note arose out of an action commenced against Michael by Elwood Schwers on behalf of Bar Nothing Ranch Partnership seeking the sum of $320,133.09 stemming from cattle purchase agreements from 2006 through 2008.

3

of Bar Nothing, a Montana Trust Indenture granting Bar Nothing a security interest in:

> That part of the NE ¼ SE ¼ of Section 17, Township 1 South, Range 25 East, of the Principal Montana Meridian, in Yellowstone County, Montana, described as Tract 1-A, of Amended Plat of Tract 1 of Certificate of Survey No. 2042 on file in the office of the Clerk and Recorder of said County, under Document # 1381180.

Michael also executed on April 23, 2010, a Consideration Agreement wherein he, as a Member of Lowe/Amen, LLC, authorized Lowe/Amen, LLC to grant the Trust Indenture as security for the April 6, 2010 Promissory Note. Michael represented to Bar Nothing that Lowe/Amen, LLC was in the process of dissolution, that Michael would receive Parcel A, consisting of approximately 24 acres, and that he had the authority to grant Bar Nothing a security interest in Parcel A. The Montana Trust Indenture is between Lowe/Amen, LLC as Grantor and Bar Nothing as Beneficiary. The Montana Trust Indenture states that its purpose is to secure "[p]ayment of the principal sum of $243,668.46, with interest thereto, according to the terms of a promissory note dated April 6, 2010, (and any extensions and/or renewals or modifications thereof), made by Grantor payable to the order of Beneficiary on or before December 31, 2012[.]" As previously mentioned, the referenced April 6, 2010, Promissory Note is between Michael and Bar Nothing, wherein Michael promised to pay Bar Nothing the sum of $243,668.46, together with interest.

On July 18, 2012, Lowe/Amen, LLC commenced a proceeding against Bar Nothing in the Thirteenth Judicial District Court of Montana, Cause No. DV-12-0868 in an effort to, *inter alia*, quiet title with respect to Bar Nothing's unauthorized lien and to invalidate its unauthorized security interest.

After Debtors filed bankruptcy, Lowe/Amen, LLC and Lowe Property Holdings, LLC filed Proof of Claim Nos. 18 and 19 on February 22, 2013, each asserting an unsecured claim against

Debtors in the amount of $395,761.80. Bar Nothing filed Proof of Claim No. 8 on September 10, 2012, asserting a secured claim in the amount of $247,406.94, secured by Parcel A. Although Bar Nothing filed a proof of claim, it did not file a dischargeability action against Michael, even though it was on notice that its lien was under attack vis-a-vis the quiet title action commenced by Lowe/Amen, LLC on July 18, 2012. Debtors' discharge was entered on January 29, 2013.

Womack and Lowe/Amen, LLC commenced this Adversary Proceeding against Bar Nothing on September 11, 2013, requesting various relief, including a request that the Court remove Bar Nothing's Trust Indenture on Parcel A from the county records and otherwise hold that the Trust Indenture is cancelled, void, unenforceable, and of no effect. The complaint against Bar Nothing references a settlement between Lowe Property Holdings, LLC, Lowe/Amen, LLC, Womack, and Lazy JC Ranch, LLC.

Womack's settlement with Lowe Property Holdings, LLC, Lowe/Amen, LLC, and Lazy JC Ranch, LLC resolved Lowe/Amen, LLC's Proof of Claim No. 18, Lowe Property Holdings, LLC's Proof of Claim No. 19, and Lazy JC Ranch, LLC's Proof of Claim No. 20. Pursuant to the settlement,

   a.  Womack transferred Debtor Michael Amen's membership interest in Lowe/Amen, LLC to Lowe Property Holdings, LLC free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(b) and (f);

   b.  Lowe/Amen, LLC transferred Parcel A to Womack free and clear of the FIB Mortgage (the "Authorized Lien"), but subject to Bar Nothing's claimed Trust Indenture; and

   c.  Lowe/Amen, LLC transferred to Womack all claims, rights and defenses against Bar Nothing related to the Bar Nothing Trust Indenture.

In a limited objection to the aforementioned settlement, Bar Nothing did not oppose conveyance of Parcel A to Debtors' bankruptcy estate or the relinquishment of the Bankruptcy Estate's membership and distributional interest in Lowe/Amen, LLC. Bar Nothing's sole objection to approval of the settlement was that the settlement provided validity to the Lazy JC Ranch trust indenture, which resulted in different treatment between similarly situated creditors. Counsel for Bar Nothing argued:

> If the Bar Nothing lien in invalid, so is the Lazy JC lien. If their liens are invalid, Bar Nothing and Lazy JC would have unsecured claims and would be entitled to any distribution based upon their allowed unsecured claims. By granting Lazy JC a lien through the settlement, Lazy JC's interests are elevated and its share of distribution will be greater, even though Bar Nothing and Lazy JC are similarly situated.

The Court disagreed with Bar Nothing's argument and on November 15, 2013, entered an Order in Debtors' main bankruptcy case approving the settlement agreement and release with Lowe/Amen, LLC, Lowe Property Holdings, LLC and Lazy JC Ranch, LLC. In that same Order, the Court authorized Womack to execute such agreements and instruments required to effect settlement under the settlement agreement and release without further proceedings and provided that the transfer of Debtors' membership in Lowe/Amen, LLC to Lowe/Amen, LLC, as contemplated in the approved settlement agreement and release, was free and clear pursuant to 11 U.S.C. § 363(f). That decision has not been appealed and is final.

## CONTENTIONS OF THE PARTIES

Womack seeks various relief in his First Amended Complaint, but relying on this Court's recent decision in *B-Bar Tavern, Inc. v. Prairie Mountain Bank (In re B-Bar Tavern, Inc.)*, Case No. 12-00043 (Bankr. D.Mont. Dec. 18, 2013), seeks a ruling at this time declaring that the trust indenture claimed by Bar Nothing is invalid and unenforceable because the trust indenture

6

purports to secure what Womack refers to as "a non-existent debt." Bar Nothing counters that Michael represented that he had authority to pledge Parcel A as security to Bar Nothing for a loan made to Michael. Bar Nothing concedes that its Trust Indenture mistakenly references Lowe/Amen, LLC as the maker of the April 6, 2010 Promissory Note dated April 6, 2010. However, Bar Nothing has counterclaimed seeking reformation of the trust indenture to reflect that it secures the April 6, 2010 Promissory Note between Michael and Bar Nothing. Bar Nothing also argues that Womack's settlement with Lowe Property Holdings, LLC, Lowe/Amen, LLC, and Lazy JC Ranch, LLC is consistent with Michael's prior representation that Lowe/Amen, LLC was in the process of dissolution, that Michael had the authority to encumber Parcel A and that he would soon be receiving Parcel A. Bar Nothing contends the transfer of Parcel A from Lowe/Amen, LLC to the Debtors cures any scrivener's errors in the Montana Trust Indenture.

STANDARD of REVIEW

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." FED.R.CIV.P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.* "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

judgment as a matter of law." *Id*. (citation omitted). If this Court is required to go beyond the pleadings to resolve an issue raised by the pleadings, "such a proceeding must properly be treated as a motion for summary judgment." *Id.* (citations omitted).

## DISCUSSION

The sole grounds for Womack's pending motion for judgment on the pleadings is that the trust indenture is invalid because it purports to secure a promissory note which does not exist. Womack argues that judgment in his favor on Counts I and II of the First Amended Complaint is appropriate because the relief requested in Counts I and II are separate and distinct from Bar Nothing's reformation counterclaim, which is not properly before the Court at this time, and is not ready for decision. The Court agrees that Bar Nothing's reformation counterclaim is not before the Court at this time and is not ready for decision. However, Womack attempts to dismiss Bar Nothing's reformation counterclaim as irrelevant at this juncture. Bar Nothing's counterclaim, if successful, would, based upon this Court's discussion of reformation in *In re B-Bar Tavern, Inc.*, permit Bar Nothing's lien on Parcel A, even if invalidated in the first instance, to pass through Debtors' bankruptcy unaffected. For that reason, the Court concludes that it cannot, based upon the arguments raised by Womack at this time, invalidate and cancel Bar Nothing's lien, and quiet title to Parcel A, thereby permitting Womack to proceed with "the orderly administration of the bankruptcy estate" when ultimately, Bar Nothing may have a lien that passes through the bankruptcy estate. The relief sought by Womack in Counts I and II of the First Amended Complaint are simply too intertwined with Bar Nothing's counterclaim to permit the Court to consider Counts I and II, without also considering Bar Nothing's counterclaim, which is, as argued by Womack, not properly before the Court.

For the reasons discussed above, the Court will enter a separate order as follows:

IT IS ORDERED that Plaintiff Joseph V. Womack's Motion for Partial Judgment on the Pleadings filed January 23, 2014, at docket no. 18 is denied.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana